Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 626 | **DATE** | 3/12/2001 |
| **CASE TITLE** | EOLAS vs. MICROSOFT | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

PLAINTIFF'S MOTION FOR LEAVE TO FILE ITS AMENDED COMPLAINT

**DOCKET ENTRY:**

(1) ■ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Motion granted/denied in part. Motion (138-1) for leave to amend answer and counterclaim is granted/denied in part.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| ✓ | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 15 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| DW | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EOLAS TECHNOLOGIES, INC.,

Plaintiff,

v.

MICROSOFT CORPORATION,

Defendant.

No. 99 C 0626
Judge James B. Zagel

DOCKETED
MAR 15 2001

## MEMORANDUM OPINION AND ORDER

Microsoft seeks leave to add to its answer a fairly detailed allegation of inequitable conduct. The matters alleged might well have been within the ambit of the current answer. Microsoft assumes so and offers specifics to forfend later claims of ambush by Eolas. To this, Eolas says that the matters set forth are not all that new, and Microsoft could have added the language some time ago – doing it now unfairly damages Eolas. More importantly, Eolas argues that, even if true, the allegations do not constitute inequitable conduct, thus the amendment is futile.

The prejudice argument is unpersuasive. It is founded upon two claims: First, one of the inventors, Doyle, will need to be re-deposed. An additional day of deposition in not undue prejudice in this case. Second, these are unfounded allegations of fraud, deceit and misrepresentation that prejudices the accused party through reputational harm. The Federal Circuit has noted that "the habit of charging inequitable conduct in almost every major patent case has become an absolute plague." *Burlington Indus., Inc. v. Dayco Corp.*, 849 F.2d 1418, 1422

1

(Fed. Cir. 1988). This is true in my experience, but it is a plague that afflicts the court and counsel (who must deal with the allegations) more than the accused. Although Eolas says that Microsoft should not be permitted "to visit that plague upon Dr. Doyle," I judge the reputational damage to individuals who are the targets of inequitable conduct allegations to be quite small. The audience for such claims is itself tiny and fairly sophisticated and able to conclude that the allegations may be a legal ploy, and thus judgment ought to be withheld. Moreover, the accuser here is itself the subject of much nasty publicity. Doyle is not being charged with inequitable conduct by a synod of bishops. I find no undue prejudice.

Futility, though, may be another matter. The Brockschmidt reference, *Inside OLE 2*, played a role in patent approval, and it is at least arguable that some Brockschmidt excerpts (as interpreted by Microsoft) would suggest to an examiner that the Koppolu '686 patent teaches what the applicants sought to patent as their own invention. It seems a weak argument to one who is familiar with the file wrapper, but not so weak to be futile. What pushes the argument to the point of futility is that the Brockschmidt book was published, and the examiner could easily have read the entire book. Microsoft says Doyle discouraged the examiner from reading Brockschmidt on his own because Doyle did not give him a copy of it. This is too thin a reed to support an intent to deceive. If the examiner wanted to learn more about OLE or DLLs, there can be no dispute that *Inside OLE 2* was a source to which Doyle directed him.[1]

An amendment is futile if it could not withstand a motion for summary judgment. *Bethany Pharmacal Company, Inc. v. QVC, Inc.*, – F.3d –, 2001 WL 175341 * 5 (7th Cir. 2001);

---

[1] It is true that Doyle quoted from an online version which may differ from the published version, but there is no showing of what significant difference there might be between the two versions.

2

*Estate of Porter v. State of Illinois*, 36 F.3d 684, 690 (7th Cir. 1994). Microsoft has not proposed allegations that reasonably support an inference of an intent to deceive, thus the Brockschmidt-related amendment is futile.

The claim that Doyle urged the examiner to conclude that his invention had been copied by Sun and Netscape and that this supported a finding of non-obviousness is similarly weak but not so weak as to deny amendment. Doyle did not say his invention was copied. Nor does the file wrapper indicate that the examiner thought that the invention was copied and that such an act was indicia of non-obviousness. If Doyle had wanted to make such a claim, he was, on this record, too subtle in his attempt. However, Doyle did declare that the features of his invention were incorporated into Sun and Netscape products some 12-18 months after he demonstrated his invention to the companies' engineers and founders. Doyle made this declaration not to allege copying, but to allege commercial success and innovation. The inequitable conduct amendment alleges that Doyle and the applicants did not make such a demonstration to Netscape founders; the declaration is false. The filing of a false declaration is sufficient to state a claim for inequitable conduct, since the Federal Circuit has plainly held "affidavits are inherently material, even if only cumulative. The affirmative act of submitting an affidavit must be construed as being intended to be relied upon." *Refac International, Ltd. v. Lotus Development Corp.*, 81 F.3d 1576, 1583 (Fed. Cir. 1996). Obviously, Eolas disputes Microsoft's characterization of the declaration as false, but this cannot be resolved now.

The motion of Microsoft to amend its answer is granted in part and denied in part.

3

Eolas, too, wants to expand its pleading to allege willful infringement. Commonly, such changes are sought because, in a specific case, a plaintiff has, in discovery, come upon evidence that the defendant was worried about the pending patent applications. There is also the more generic claim based on the fact that the defendant did not fold its tent within a reasonable period of time after the lawsuit was filed, to wit, they kept making the accused device even after the lawsuit had been filed and the matter studied by defendant.

Both types of claims are made here.

The facts (alleged) are these. Eolas issued a press release on 21 August 1995 saying it had a patent pending covering the use of embedded objects or "applets" within web documents which, the release also said, are major features of browsers from Netscape, Spyglass, Microsoft, AOL, etc. E-mail traffic within Microsoft sent the day of the release evinced concern over the pending patent. Two days after the release, one Microsoft e-mail said "If there's legitimacy to this claim, it's . . . a very big problem." Another e-mail expressed the hope that "there will be enough prior art to invalidate it." On the third day after the release, the person in charge of the Internet Explorer Project told everyone that the lawyers were on the case and that no more e-mails ought to be sent. Microsoft was not alone in this – Sun Microsystems also expressed concern over the patent.

In short, Microsoft knew about the pending patent, was concerned about it, and put the matter before its lawyers.

As to Microsoft's continuing to infringe after the suit was filed, Eolas urges that, if Microsoft has not received a legal opinion that it is not infringing and yet still makes the accused product then a case for willful infringement can be made out.

Knowing of the press release and evincing concern is not enough to justify a finding of willfulness. The press release should have caused concern in anyone who sold web browsers. But press releases by inventors are not always the best guides to the content and scope of a pending patent, and the reaction "if there's legitimacy to the claim..." discloses neither knowledge of the patent nor an intent to infringe. Indeed, it discloses lack of knowledge of the patent pending. These e-mails show a "conditional concern": if this patent pending is legitimate and if it is as described, then there is cause for concern. None of this bespeaks an intent to persist in making and distributing the accused device even if it infringes the pending patent.

There is, indeed, no sufficient allegation that Microsoft knew of the pending patent – the e-mail evidence suggests surprise rather than prior knowledge. Usually, willful infringement claims arise from the fact that the plaintiff sends a copy of the pending patent to the defendant – in order to produce settlement or surrender or to make a record on willfulness – and there is no allegation of this here. At most, Microsoft knew of a press release generally describing some claims. This is not enough.

However, the allegation of willful infringement based upon Microsoft's continued making of Internet Explorer can be added to the complaint. To prevail upon it might be difficult because Eolas will, I think, have to show that Microsoft's defenses are frivolous. This may be difficult to

5

do but, even after my construction of the patent, I cannot say that Eolas has no chance of proving the absence of good faith by Microsoft.

## Conclusion

The motion of Microsoft to amend its answer and counterclaim is granted in part/denied in part. The motion of Eolas to amend its complaint is granted in part/denied in part.

ENTER:

*James B. Zagel*
United States District Judge

DATE: MAR 1 2 2001