IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
JAN - 4 2002
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| EOLAS TECHNOLOGIES INC.<br>and<br>THE REGENTS OF THE<br>UNIVERSITY OF CALIFORNIA,<br><br>Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 99 C 0626<br><br>Hon. James B. Zagel |

**DOCKETED**
JAN 0 7 2002

## NOTICE OF FILING

TO: See Attached Service List

**PLEASE TAKE NOTICE** that on January 4, 2002, we filed with the Clerk of the United States District Court, Northern District of Illinois, Eastern Division, Chicago, Illinois, **Microsoft Corporation's Response to Plaintiffs' Supplemental Memorandum Regarding Plaintiffs' Motion to Compel Production of Microsoft Patent Applications Referring to the '906 Patent**, a copy of which is served upon you:

H. Michael Hartmann, I.D. No. 1146130
Brett A. Hesterberg, I.D. No. 6187619
Steven P. Petersen, I.D. No. 6196793
LEYDIG, VOIT & MAYER, LTD.
Two Prudential Plaza
Suite 4900
Chicago, Illinois 60601-6780
(312) 616-5600

David T. Pritikin, I.D. No. 2256339
Richard A. Cederoth, I.D. No. 6185199
SIDLEY AUSTIN BROWN & WOOD
Bank One Plaza
Chicago, Illinois 60603
(312) 853-7000

Attorneys for Defendant,
MICROSOFT CORPORATION

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
JAN - 4 2002
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| EOLAS TECHNOLOGIES INC.<br>and<br>THE REGENTS OF THE<br>UNIVERSITY OF CALIFORNIA,<br><br>Plaintiffs,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 99 C 0626<br><br>Hon. James B. Zagel |

DOCKETED
JAN 0 7 2002

**MICROSOFT CORPORATION'S RESPONSE TO
PLAINTIFS' SUPPLEMENTAL MEMORANDUM
REGARDING PLAINTIFS' MOTION TO COMPEL
PRODUCTION OF MICROSOFT PATENT
APPLICATIONS REFERRING TO THE '906 PATENT**

Microsoft Corporation ("Microsoft") submits this memorandum in response to the supplemental memorandum filed on December 21, 2001, by plaintiffs in regard to their Motion to Compel Production of Microsoft Patent Applications Referring to the '906 Patent. Microsoft stands by the "review time" estimate of "on average at least 2½ hours...in regard to each application file" that was previously set forth in its supplemental memorandum filed on November 6, 2001. If, and to the extent, the plaintiffs now are agreeing to have Microsoft conduct a review of a smaller subset of the approximately 1800 U.S. patent applications it had pending between the dates of November 17, 1998, and February 2, 1999, then Microsoft's previous rough total fee estimate of $380,000 for the review should be adjusted accordingly. But the burden and the total expense still will not be insubstantial and, in view of the futility of the requested discovery, plaintiffs should bear that expense entirely, as the Court has already indicated.

**I. ARGUMENT**

Plaintiffs are in search of a willfulness case -- not in search of evidence to support a willfulness case. Their latest request to review pending patent applications only underscores the emptiness of their shifting theories. Plaintiffs' initial approach focused on distribution of a press

release which discussed (inaccurately) the still pending Doyle patent application. The Court refused even to let them plead this as a basis for willfulness. (Memorandum Opinion and Order dated Mar. 9, 2001 at 4-5.) Plaintiffs then moved on to a conversation about the application that occurred in 1995, several years before the patent even issued, between a Microsoft employee and a third party. But the deposition testimony about this conversation also leads nowhere.[1]

In their latest effort to contrive a willfulness theory, plaintiffs now want to examine pending Microsoft patent applications. This, too, as the Court has already recognized, "is likely to be a very low percentage of success inquiry from the point of view of Eolas." (Transcript of Proceedings Before the Honorable James B. Zagel, Oct. 30, 2001 at 21.) Even if outside prosecution counsel cited the '906 patent during the brief 77-day period between issuance of the patent and initiation of this lawsuit, those facts would not even come close to supporting a willfulness finding.[2] For this reason, the Court proposed shifting the cost of reviewing the pending applications to plaintiffs and asked that Microsoft provide an estimate of the cost so that plaintiffs could decide whether this discovery is worth pursuing further. Plaintiffs now

---

[1] The testimony of Mr. Krauskopf that plaintiffs cite refers only to a general discussion with Microsoft's Thomas Reardon on "the patent application...in January of 1995" -- *not* the issued patent -- and Mr. Krauskopf testified that he didn't recall sending Microsoft even a copy of that early application document. (Exh. 1 to Plaintiffs' Suppl. Mem. dated December 21, 2001, Krauskopf Transcript, p. 66.) Likewise, Mr. Reardon testified that he had no recollection of discussing the Eolas patent application with Mr. Krauskopf (Reardon Transcript, Exh. A hereto, p. 97), and that Mr. Krauskopf did not ever describe the content of an Eolas patent application to him (*Id.* at p. 131).

[2] In considering Eolas' request to examine Microsoft's pending applications, the Court noted that:

> We have been down this road before. My view was then, and my view is now, that this is likely to be a very low percentage of success inquiry from the point of view of Eolas. Partly because the mere reference to a patent in a patent application doesn't necessarily mean a lot, and because the period of time between the issuance of the patent and the time of the lawsuit is relatively short in this particular case, which I basically think is Microsoft's position; to which Eolas' response is, as I understand it, is – all of that may be true.

Transcript of Proceedings (Oct. 30, 2001) at 21. Indeed, the fact that Eolas has only been able to identify two applications which cite the '906 patent out of the 1800 that were pending at the time confirms the lack of willfulness here.

attack the estimates as high. If they are right, that simply means that they will not have to pay as much (and they can proceed accordingly) -- not that Microsoft should pay the cost.

Microsoft provided a reasonable and conservative estimate so that plaintiffs are forewarned. The 2½ hour "per file" estimate provided by Microsoft is probably conservative in view of the 3 hours per file it previously took to review patent application files to determine whether they relate to EMBED, APPLET or OBJECT tags. That previous search was for relatively broad subject matter content, while the presently-sought search would be for specific references to the '906 patent -- thus requiring a page-by-page review of the entire file, as well as the time spent identifying potentially fruitful applications, locating and retrieving those files, and ultimately returning the files to their places of origin. Microsoft felt it was better to conservatively estimate the time required for the search so that Plaintiffs would not be surprised by the ultimate charges. However, Plaintiffs will only be billed for the actual time spent. If less than 2½ hours per file is required, the charge to Plaintiffs will be reduced correspondingly.

Plaintiffs also criticize the estimate as encompassing too many applications, but the estimate was based on the applications that they asked to have reviewed. Before the October 30 hearing, plaintiffs were seeking "all of Microsoft's pending patent applications that cite the '906 patent." (*See* Mem. In Support of Plaintiffs' Motion to Compel Discovery, dated October 15, 2001, pp. 7-8.) Assuming that plaintiffs sought applications "pending" between the relevant dates -- November 17, 1998 and February 2, 1999 -- Microsoft estimated the number to be "approximately 1800." Subsequently, plaintiffs have modified the request, stating that they are only interested in such applications that *remain* pending, and moreover have indicated a willingness to limit the search to the still-pending applications that are in the subset of applications related to "Internet Explorer (including browser/shell technology), COM, OLE and/or ActiveX" that was previously used by Microsoft for a different search.

Due to the holidays, it is not possible for Microsoft to estimate at this time the number of applications that fall with Eolas' modified request. As Microsoft explained in its earlier

-3-

brief, it anticipates that the cost of searching these applications will be approximately $84.67 per hour. Therefore, the cost and burden of performing the search requested by Eolas is expected to be $84.67 times the number of hours it takes to perform the search. Microsoft is prepared to agree with Plaintiffs on the precise search criteria before commencing the review so that Plaintiffs will know the anticipated costs more precisely. But the ultimate issue here is not how much the search will cost, but who should bear it. Because Microsoft estimates that the cost of this search will be significant, and in view of its extremely low relevance, Plaintiffs, as the Court held, should bear the actual costs of this search. If they are willing to do so, Microsoft is prepared to undertake the review as promptly as possible. If they are not, then the motion to compel the requested discovery should be denied.

MICROSOFT CORPORATION

Date: January 4, 2002     By _____
H. Michael Hartmann, I.D. No. 1146130
Brett A. Hesterberg, I.D. No. 6187619
Steven P. Petersen, I.D. No. 6196793
LEYDIG, VOIT & MAYER, LTD.
Two Prudential Plaza
Suite 4900
Chicago, Illinois 60601-6780
(312) 616-5600

David T. Pritikin, I.D. No. 2256339
Richard A. Cederoth, I.D. No. 6185199
SIDLEY AUSTIN BROWN & WOOD
Bank One Plaza
Chicago, Illinois 60603
(312) 853-7000

Attorneys for Defendant,
MICROSOFT CORPORATION

Of Counsel:
T. Andrew Culbert
MICROSOFT CORPORATION
One Microsoft Way
Redmond, Washington 98052
(425) 882-8080

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **MICROSOFT CORPORATION'S RESPONSE TO PLAINTIFS' SUPPLEMENTAL MEMORANDUM REGARDING PLAINTIFS' MOTION TO COMPEL PRODUCTION OF MICROSOFT PATENT APPLICATIONS REFERRING TO THE '906 PATENT** is being served as follows:

**Via Facsimile:**

Thomas B. Keegan
Timothy M. Block
ROBINS, KAPLAN, MILLER & CIRESI
55 W. Wacker Drive
Chicago, Illinois 60601

**Via Facsimile and Federal Express:**

Martin R. Lueck
Jan M. Conlin
Richard M. Martinez
Howard R. Orenstein
ROBINS, KAPLAN, MILLER & CIRESI
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
Fax: (612) 339-4181

this 4th day of January, 2002.

_[signature]_