ORIGINAL

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EOLAS TECHNOLOGIES INCORPORATED, ) <br> ) <br> and ) <br> ) <br> THE REGENTS OF THE UNIVERSITY OF ) <br> CALIFORNIA, a California educational ) <br> corporation, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> MICROSOFT CORPORATION, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 99 C 0626 <br><br><br><br><br><br><br> Hon. James B. Zagel |

**NOTICE OF MOTION AND MOTION IN LIMINE**

TO: H. Michael Hartmann, Esq.
    LEYDIG, VOIT & MAYER, LTD.
    180 North Stetson Avenue
    Two Prudential Plaza
    Suite 4900
    Chicago, IL 60601-6780

David T. Pritikin, Esq.
SIDLEY & AUSTIN
One First National Plaza
2 South Dearborn
Chicago, IL 60603

FILED MAY -2 2003
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

DOCKETED MAY -8 2003

**PLEASE TAKE NOTICE** that at such time as directed by the Court, the parties shall appear before the Honorable James B. Zagel in Room 2103 of the United States District Court for the Northern District of Illinois, Eastern Division, 219 South Dearborn Street, Chicago, Illinois, or before any other judge sitting in his place and stead, and then and there present **Plaintiffs' Memorandum of Law in Support of Their Motion in Limine to Compel Microsoft to Make Available its Employees to Plaintiffs During Trial**, a copy of which is hereby served upon you.

20036750.1

Dated: March 10, 2003

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

*/s/ Martin R. Lueck*

Martin R. Lueck (MN Bar No. 155548)
Martin R. Lueck (MN Bar No. 155548)
Jan M. Conlin (MN Bar No. 192697)
Richard M. Martinez (MN Bar No. 225411)

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
(612) 349-8500

AND

**KEEGAN, LATERZA, LOFGREN & GLEASON**

Thomas B. Keegan (IL Bar No. 6196077)
Edward W. Gleason (IL Bar No. 6204438)

566 West Adams Street
Suite 750
Chicago, IL 60661
(312) 655-0200

**ATTORNEYS FOR PLAINTIFFS EOLAS
TECHNOLOGIES INCORPORATED AND
THE REGENTS OF THE UNIVERSITY
OF CALIFORNIA**

20036750.1

ORIGINAL

## CERTIFICATE OF SERVICE

I, Nicholas S. Boebel, an attorney, on oath hereby certify that I caused copies of the foregoing to be served upon the persons to whom the Notice is directed, by causing a copy of same to be delivered by facsimile and sent via Federal Express on this 10th day of March, 2003:

- **Notice of Motion and Motion in Limine;**

  **Plaintiffs' Memorandum of Law in Support of Their Motion in Limine to Preclude Microsoft from Introducing Exhibits Not Identified on the Trial Exhibit List;**

- **Notice of Motion and Motion in Limine;**

  **Plaintiffs' Memorandum of Law in Support of Their Motion in Limine to Order Admissibility Of Documents or Testimony of a Witness Regarding Foundation and Authenticity;**

- **Notice of Motion and Motion in Limine;**

  **Plaintiffs' Memorandum of Law in Support of Their Motion in Limine to Exclude Evidence of Alleged Inequitable Conduct and Prosecution Irregularities at the Jury Trial;**

- **Notice of Motion and Motion in Limine;**

  **Plaintiffs' Memorandum of Law in Support of Their Motion in Limine to Compel Microsoft to Make Available its Employees to Plaintiffs During Trial;**

- **Notice of Motion and Motion in Limine;**

  **Plaintiffs' Memorandum of Law in Support of Their Motion in Limine to Exclude Opinion Evidence of Creighton Hoffman;**

- **Declaration of Nicholas S. Boebel in Support of Motions in Limine.**

_____
Nicholas S. Boebel

20036750.1

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EOLAS TECHNOLOGIES INCORPORATED, | ) | |
| and | ) | Case No. 99 C 0626 |
| | ) | |
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, | ) | Judge James B. Zagel |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICROSOFT CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION IN LIMINE TO COMPEL MICROSOFT TO MAKE
AVAILABLE ITS EMPLOYEES TO PLAINTIFFS DURING TRIAL**

FILED
MAY -2 2003
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

20036393.1

## INTRODUCTION

In the interest of facilitating the orderly presentation of trial testimony, Plaintiffs have, consistent with established law, requested that Microsoft make certain of its employees available to testify during Plaintiffs' case-in-chief. Microsoft has responded with a flat refusal to make any Microsoft witness available unless subject to compulsion by subpoena. Boebel Decl., Ex. E at 3 ("...Microsoft will not give a blanket agreement to bring any of its current employees...to the trial upon plaintiffs' request [including] witnesses that Microsoft may ultimately decide to use in its case in chief"). Plaintiffs respectfully request that this Court enter an Order that any witness who will testify live be made available to testify live during the case-in-chief of the opposing party.

## ARGUMENT

This Court has the obligation to ensure that evidence is presented in a manner fair to both parties so as to further the fundamental goal of ascertaining the truth at trial. Fed. R. Evid. 611. In order to avoid the unfairness inherent in asymmetric opportunities to present evidence, courts have compelled a party to make available a witness that party may rely upon at trial during the opposing party's case-in-chief. See, e.g., In re Gulf Oil/Cities Service Tender Offer Litigation, 776 F. Supp. 838, 839 (S.D.N.Y. 1991). The courts of this district have likewise held that a party may not rely on witness testimony if it fails to make the witness available during the opposing party's case. Niebur v. Town of Cicero, 212 F. Supp. 2d 790, 806 (N.D. Ill. 2002) (relying on In re Gulf Oil and stating that control over the witness is not dispositive at least when "'the interests of [the corporate defendant] and of [the individual defendant] himself that would be served by having [the individual

20036393.1                                    1

defendant] stay away during plaintiffs' case and then become available during defendants' case are indistinguishable one from the other.'").

This Court should prevent prejudice to either party, and further the truth-seeking function of trial, by requiring that any party who will rely on live testimony from any witness must make that witness available during the case presentation of the opposing party. In circumstances similar to these, courts routinely enter orders mandating that a party not rely on evidence that it makes unavailable to the opposing party. As the trial court held In re Gulf Oil/Cities Service Tender Offer Litigation, 776 F. Supp. 838 (S.D.N.Y. 1991), "if [an employee of defendant] elects to absent himself during plaintiff's case, he will not testify at all." Id. at 839; accord Niebur v. Town of Cicero, 212 F. Supp. 2d 790, 806 (N.D. Ill. 2002). This Court should follow the sound precedent of both Niebur and In re Gulf Oil and order Microsoft to make witnesses that it may rely on for live testimony during its case, available during Plaintiffs' case-in-chief.

## CONCLUSION

Microsoft has, so far, refused to make available any witness, including those it may rely upon at trial available to testify during Plaintiffs' case-in-chief. Plaintiffs respectfully request that this Court enter an Order directing Microsoft to make any witness it may rely on for live testimony during its case, available to testify during Plaintiffs' case-in-chief.

20036393.1                                2

Dated: March 10, 2003     **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

By: _____
Martin R. Lueck (MN Bar No. 155548)
Jan M. Conlin (MN Bar No. 192697)
Richard M. Martinez (MN Bar No. 225411)

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
(612) 349-8500

AND

**KEEGAN, LATERZA, LOFGREN & GLEASON**

Thomas B. Keegan (IL Bar No. 6196077)
Edward W. Gleason (IL Bar No. 6204438)

566 West Adams Street
Suite 750
Chicago, IL 60661
(312) 655-0200

**ATTORNEYS FOR PLAINTIFFS EOLAS
TECHNOLOGIES INCORPORATED AND
THE REGENTS OF THE UNIVERSITY
OF CALIFORNIA**