# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| EOLAS TECHNOLOGIES INCORPORATED, <br><br> and <br><br> THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, <br><br> Plaintiffs, <br><br> v. <br><br> MICROSOFT CORPORATION, <br><br> Defendant. | No. 99 C 0626 <br> Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

The defendant has raised a question regarding the assignment of this case on remand from the Federal Circuit. The case was heard over a long period of time and involved substantial hearings, particularly those regarding claim interpretation. A jury subsequently decided that the defendant had infringed the plaintiffs' patent and assessed substantial damages. I postponed ruling on the question of additional damages (for other years) and denied injunctive relief pending the defendant's appeal of the matter. The Federal Circuit eventually issued a mandate affirming on most issues and remanding the case for further proceedings.

When the case was called for status several months ago, the defendant noted the provisions of our Local Rule 40.5, which states:

> **LR40.5. Remands; Procedures for Following Appeals**
> **1. (a) General.** This rule shall not apply to remands resulting from appeals of summary judgments or interlocutory orders unless the mandate or order remanding the case indicates that it is to be reassigned to a judge other than the judge to whom the case was previously assigned ("prior judge"). Whenever a mandate from the

> Court of Appeals for the Federal Circuit or the Seventh Circuit is
> filed with the clerk indicating that the case appealed is remanded
> for a new trial, the case shall be assigned to the Executive
> Committee, except
>> 1) if the mandate or accompanying opinion indicates
>> that the case is to be retried by the prior judge, then
>> the case shall remain on that judge's calendar, or
>> (2) where the prior judge is no longer sitting and the
>> case is an Eastern Division case, it will be
>> reassigned by lot, or
>> (3) where the prior judge is no longer sitting and and
>> the case is a Western Division case, it will be
>> assigned to the Western Division judge.

In a letter to the Executive Committee, the defendant expressed its view that Local Rule 40.5 ("LR 40.5") required that the case be sent to the Executive Committee of this Court. The Executive Committee considered the matter and orally communicated to me and to the Clerk of Court that it was remitting to me the decision of whether LR 40.5 requires reassignment to another judge. The reasoning of the Executive Committee was based on two considerations. The first was that, in this particular case, I would be in a better position to determine whether "the . . . accompanying opinion indicates that the case is to be retried by the prior judge." *LR 40.5*. The second consideration requires more elaboration.

The Court of Appeals of the Seventh Circuit, from which we receive virtually all of our remands, decides by virtue of its own Circuit Rule 36 the issue of which judge is to preside after remand.[1] Circuit Rule 36 renders LR 40.5 redundant and, in fact, LR 40.5 has become a mostly

---

[1] Circuit Rule 36 provides:
> Whenever a case tried in a district court is remanded by this court
> for a new trial, it shall be reassigned by the district court for trial
> before a judge other than the judge who heard the prior trial unless
> the remand order directs or all parties request that the same judge
> retry the case. In appeals which are not subject to this rule by its
> terms, this court may nevertheless direct in its opinion or order that
> this rule shall apply on remand.

2

dormant section of our Local Rules. The Clerk of our Court does not recall any particular instances in the last few years in which the Executive Committee had to exercise its authority under the Local Rule after a remand from the Seventh Circuit.

The application of LR 40.5 to cases on remand from the Federal Circuit is somewhat problematic. The local rule does not mirror a Federal Circuit rule and no Federal Circuit rule covers the same terrain as the Seventh Circuit's Rule 36. The Executive Committee is understandably reluctant to apply the rule (or, more importantly, address its continuing validity) and assign the case to a different judge unless it is clear that the rule would, by its terms, apply to this case.[2]

The Federal Circuit itself has not endorsed a policy of requiring reassignment to a different trial judge when cases are remanded after trial. I find no evidence that the Federal Circuit intends to adopt a policy that its remands are to be governed by whatever case-assignment rule is adopted by the Court of Appeals with geographic jurisdiction over the district court. What precedent exists suggests that the policy of the Federal Circuit is not at all like that of the Seventh Circuit, for the obvious reason that all but a handful of patent cases are like this one, requiring significant judicial effort and benefitting from the knowledge of the judge who tried the case initially. Absent a showing of bias or antagonism, which defendant does not here allege, the Federal Circuit appears to disfavor reassignment to another judge. It specifically approved the re-

---

[2]Plaintiffs argue that LR 40.5 should not apply because the remand is from an appeal of what is essentially an interlocutory order. This may be so. I retained post-appeal jurisdiction to decide the accounting that would determine the amount of the final judgment under 28 U.S.C. § 1292 (c)(2). On the other hand, this may not be so. Given that there was a jury verdict in this case, it could be said that defendants appealed a final judgment and won remand for a retrial. I express no view on this question, as the Executive Committee did not remit this question to me for decision.

3

trial of a remanded case in the Seventh Circuit under circumstances which were clearly inconsistent with our Circuit Rule 36. *Cardiac Pacemakers, Inc. v. St Jude Med. Inc.*, 02-1532, -1559, 05-M791 (Fed. Cir. July 20, 2005) (unpublished). Moreover, the Federal Circuit is reluctant to order reassignment without a showing of bias. *See, e.g.*, *Juicy Whip, Inc. v. Orange Bang, Inc.* 382 F.3d 1367, 1373-74 (Fed. Cir. 2004); *Micro Chem., Inc. v. Lextron, Inc.* 318 F.3d 1119, 1126 ( Fed. Cir. 2003).

The defendant had the right to ask for reassignment to another judge when it appealed to the Federal Circuit – a practice which is acceptable in the Federal Circuit as it is in all other circuits. I construe its failure to do so as consistent with its refusal here to claim bias or antagonism. The defendant is simply claiming that LR 40.5 requires reassignment to another judge even if there is no bias and even when the inefficiencies attendant on reassigning a complex case may be substantial. In sum, I believe that reassignment to another judge would be inconsistent with Federal Circuit policy. When reassignment is desired the Federal Circuit is quite capable of saying so.

This policy discussion is, of course, dictum. What the Executive Committee asks me to decide is whether LR 40.5 on its own terms means that this case remains on my calendar. To do so, I must consider whether the Federal Circuit expressly or impliedly indicated that the case is to be retried by the original judge. Since neither party raised the issue of who should try the case on remand, there is no express statement by the Federal Circuit on the question.[3] Local Rule 40.5

---

[3]In passing, I note that I do not consider plaintiffs to have defaulted the right to address this issue when, on appeal, they contended only that the judgment be affirmed. The defendant sought reversal or remand and bore the obligation to request explicit guidance on which judge should try the case on remand. The responsibility for the absence of this explicit guidance from the Court of Appeals is to be laid at the defendant's door.

does not require such an express statement; rather, I must look for language that "indicates" the Federal Circuit's intent to remand the case to the original judge.

Both parties submitted memoranda to the Executive Committee on this issue, focusing their debate on one particular line of the Federal Circuit opinion. Referring to a crucial post-trial finding – that the plaintiff Doyle did not engage in inequitable conduct – the Court of Appeals wrote that certain prior art ought to be included in the inequitable conduct inquiry. "At the same time," the Court of Appeals said, "the district court may reconsider its findings on Doyle's intent to deceive the PTO." *Eolas Techs., Inc. v. Microsoft Corp.,* 399 F.3d 1325, 1336 (Fed. Cir. 2005). The plaintiffs say this is a direction that I rehear the case. The defendant counters with the observation that the opinion did not say, "Judge Zagel" but rather, "district court." The defendant correctly observes that the passage *can* be read to include a remand to a judge other than the original trial judge. But that is not the sensible reading of the passage.

The finding to which the Federal Circuit refers was both unusual and reflective of a personal judgment. I found that Doyle was not truthful in one very significant aspect of his testimony but yet acted with candor before the Patent and Trademark Office because it was in his self-interest to be candid. As a practical matter, I am the only person who could "reconsider" this finding. Indeed, I am the only judge who could decide whether the matter should be reconsidered since the Federal Circuit said only the finding "may" be reconsidered. A different judge could consider it anew and there would be no "may" about it. By its approach to this issue, which could alter the outcome of the case, I conclude that the Federal Circuit indicated that the matters remanded remain on my calendar.

The defendant has indicated that it might wish to appeal this ruling and suggests that I certify to the Federal Circuit the question of whether LR 40.5 requires that this case remain on my calendar. I might well be willing to do so if requested. The defendant further states that while such appeal is pending I ought to stay the proceedings in their entirety. I am not inclined to grant such a request. There are reasons to stay the actual retrial while an appeal of this ruling or of the Federal Circuit's opinion is taken.[4] There is no reason to delay the steps that need to be taken prior to retrial while the Federal Circuit considers an appeal of this ruling. In my experience, much of what is done to prepare for trials like these is not dependent on who might be the trial judge. Those steps should be taken without waiting for a final answer on appeal.

In sum, I find that the conditions of LR 40.5 that call for retrial before the original trial judge are met. Microsoft's motion to have the case reassigned to another judge under the terms of LR 40.5 is denied.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: October 26, 2005

---

[4] The defendant has sought certiorari on the only question of broad application decided in this case. I held that infringing software code made in the United States and exported abroad is a "component . . . of a patented invention" (an issue relevant to liability for infringing software in machines manufactured outside the United States). *Eolas Techs. Inc. v. Microsoft Corp.*, 274 F. Supp. 2d 972 (N.D. Ill. 2003). The Federal Circuit affirmed this holding. *Eolas Techs. Inc.*, 399 F.3d at 1339-41. Whatever the Supreme Court does in response to Microsoft's petition for certiorari would not so significantly alter the landscape of any retrial that preparations for retrial must come to a halt until certiorari is granted or denied.