**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| EOLAS TECHNOLOGIES INCORPORATED, | ) | |
| | ) | |
| and | ) | Case No. 99 C 0626 |
| | ) | |
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, | ) | **Judge Rebecca R. Pallmeyer** |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICROSOFT CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION IN LIMINE TO EXCLUDE EVIDENCE OF ALLEGED INEQUITABLE CONDUCT AND PROSECUTION IRREGULARITIES AT THE JURY TRIAL (NO. 2)**

The question of whether a patentee engaged in inequitable conduct, a purely equitable defense, should be determined by the Court, outside the presence of the jury. *Paragon Podiatry Lab., Inc. v. KLM Labs., Inc.*, 984 F.2d 1182, 1190 (Fed. Cir. 1993). The parties agree that the issue should be resolved during a bench trial. This motion in limine seeks to ensure that Microsoft, nevertheless, does not taint the jury by making argument or insinuations that are relevant only to the issue of inequitable conduct.

**I.     Microsoft Should Be Precluded From Arguing, Insinuating, Or Suggesting That Dr. Doyle Failed In Any Way To Make Necessary Submissions To The PTO Or That There Were Any Prosecution Irregularities.**

Although the inequitable-conduct claims should be argued during a bench trial, Plaintiffs anticipate that Microsoft may attempt to offer evidence related only to inequitable conduct

during the jury phase of the trial. For example, Microsoft may attempt to offer during the jury trial documents, testimony, and lawyer argument intimating that Dr. Doyle failed to submit certain information to the PTO during either the original prosecution or the subsequent reexaminations.[1] Indeed, Microsoft's recent motion for leave to amend to add additional allegations of inequitable conduct demonstrates how heavily its defense relies upon its inequitable-conduct claim. Thus, it is likely that Microsoft will take any opportunity it can to salvage its weakening invalidity claims by poisoning the jury with irrelevant and prejudicial equitable arguments. This Court should prohibit such attempts, however, under well-established Federal Circuit law excludes evidence that seeks to undermine the presumption of validity. *Magnivision, Inc. v. Bonneau Co.*, 115 F.3d 956, 961-62 (Fed. Cir. 1997).

As with all issued patents, the '906 patent carries a statutory presumption of validity. 35 U.S.C. § 282. This statutory presumption mandates that Microsoft, as an adjudicated infringer, must prove invalidity by clear and convincing evidence. *Crown Operations Int'l, Ltd. v. Solutia, Inc.,* 289 F.3d 1367, 1377-78 (Fed. Cir. 2002). The "presumption of validity remains intact and the ultimate burden of proving invalidity remains with the challenger throughout the litigation." *Innovative Scuba Concepts v. Feder Indus.,* 26 F.3d 1112, 1115 (Fed. Cir. 1994); *Am. Hoist & Derrick Co. v. Sowa & Sons, Inc.*, 725 F.2d 1350, 1359-60 (Fed. Cir. 1983) (stating that the presumption of validity and the placement of the burden of proof remain "static, never-changing").

Allowing evidence that lessens the presumption of validity in the eyes of the jury is prejudicial and reversible error. *See Magnivision,* 115 F.3d at 961-62; *Exxon Corp. v. Phillips Petroleum Co.,* 265 F.3d 1249, 1254 (Fed. Cir. 2001) (absent proof of inequitable conduct,

---

[1] The second reexamination is the subject of a separate motion in limine.

absolute compliance with procedural rules of PTO is irrelevant). In *Magnivision, Inc. v. Bonneau Co.*, the trial court granted summary judgment against the accused infringer on its defense of inequitable conduct, thus "the issue of inequitable conduct was resolved pre-trial," leaving only the issues of infringement and invalidity for the jury trial. 115 F.3d at 957. Nevertheless, the district court allowed the defendant to assert that there had been "prosecution irregularities" that undermined the validity of the patent.

The Federal Court reversed, holding that evidence of alleged prosecution irregularities did not help prove a "consequential fact" and that the proffered evidence was "irrelevant." *Id.* at 961. Because the evidence did not assist the jury in any relevant inquiry, the repetition of the suggestion or implication that something nefarious had occurred, which required substantial rebuttal, "impart[ed] disproportionate weight to the issue" and prejudicially affected the outcome of the trial. *Id.*

To ensure that no reversible error occurs here, this Court should expressly prohibit Microsoft from, at a minimum, offering documents, testimony, or lawyer argument that imply Dr. Doyle had an obligation to submit any information to the PTO. Plaintiffs also ask that this Court be vigilant throughout the trial to ensure that Microsoft does not allow such innuendo to seep into its presentation before the jury.[2] "The obligation of the trial judge to act as 'gatekeeper' is founded on the potential for prejudice." *Id*. Microsoft is likely quite skilled in making subtle allusions of inequitable conduct, which are particularly troubling in light of the finding in *Magnivision* that "[t]he assertions and innuendos of impropriety were magnified by

---

[2] This also applies to Plaintiffs' Motion in Limine to Exclude Evidence of the Second Reexamination and Motion in Limine to Exclude Evidence of the Board of Patent Appeals and Interferences' Decision to Declare an Interference. The *Magnivision* analysis applies equally to both such motions.

repetition." *Id.* Following the guidance outlined by the Federal Circuit, this Court should not permit Microsoft to attack the '906 patent's presumption of validity by subterfuge.

## II. Microsoft Should Be Precluded From Offering Or Referring To Emails Between Dr. Doyle And Pei Wei.

In addition to the more general prohibition against improper insinuations of inequitable-conduct allegations before the jury, the scope of this motion includes a request to preclude Microsoft from offering or referring to emails or communications between Dr. Doyle and Pei Wei. The question before the jury is whether the Viola browser anticipates the '906 patent. The emails exchanged between Dr. Doyle and Pei Wei in 1994 and 1995 do not answer that question. Dr. Doyle does not make any sort of admission that the Viola browser is prior art that would render the emails admissible. And while Pei Wei makes claims in the emails that he achieved something, there is nothing in the emails that is not cumulatively found in other evidence—such as the testimony of Pei Wei himself. Thus, the emails have no probative value on the issue of validity.

The prejudicial impact, however, is substantial. *Id.* at 961-62; *Jamesbury Corp. v. Litton Indus. Prods., Inc.,* 756 F.2d 1556, 1559 n.4 (Fed. Cir. 1985) ("reference in the instructions to a patent owner misleading the examiner was prejudicial."). Indeed, these emails are the crux of Microsoft's inequitable-conduct case. Microsoft's litigation strategy has centered around attacking Dr. Doyle. Regardless of whether it is arguing for damages to be tried anew or for a second reexamination—issues having nothing to do with inequitable conduct—Microsoft nevertheless always makes room for inequitable-conduct allegations. Dkt. No. 648 at 5 of 18; Dkt. No. 683-18 at 5 of 22. Thus, Plaintiffs will need to rely on this Court to ensure that those allegations—that are for this Court only—are not improperly argued to the jury either through

Microsoft's attempts to introduce irrelevant evidence or its introduction of prejudicial attorney argument.

For this reason, in the first trial, Judge Zagel granted Plaintiffs' motion *in limine* before trial and refused to allow Microsoft from using them in opening statement. Tr. 149:6-12 (Ex. A). Judge Zagel also stated that Microsoft's "chances of your being able to use these e-mails during the trial are fairly slight." *Id*. at 149:15-16. Judge Zagel did, however, leave room for the possibility that Microsoft could use some of them, but made his concerns very clear:

> Let['s] see what the trial looks like. I am concerned about this evidence because the predominant force of this evidence has to do with inequitable conduct, an issue which I intend to decide. And I reiterate that it is possible that the way they make a defense to a position you take might admit some of them, and I'm emphasizing the word some. But we're not there yet. We're talking about opening statement.

*Id.* at 151:2-8.

Because these same concerns are even more heightened as Microsoft's defenses dwindle, Plaintiffs respectfully request that this Court grant this motion in limine.[3]

## **CONCLUSION**

The issue of the alleged inequitable conduct of Dr. Doyle is irrelevant during the jury trial in this case. Thus, this Court should preclude documents, testimony, and lawyer argument suggesting that Dr. Doyle has an obligation to submit the limited information he had about the Viola browser to the PTO during prosecution of the '906 patent.

---

[3] At the very least, if this Court chooses to follow Judge Zagel's wait-and-see approach, Plaintiffs respectfully ask this Court to exclude any document, evidence, or argument on this issue from being raised during opening statements.

Dated this 8th day of June, 2007.   Respectfully submitted,


By:  s/Anne M. Lockner

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
Martin R. Lueck (MN Bar No. 155548)
Jan M. Conlin (MN Bar No. 192697)
David W. Beehler (MN Bar No. 190792)
Richard M. Martinez (MN Bar No. 225411)
Munir R. Meghjee (MN Bar No. 301437)
Katie Crosby Lehmann (MN Bar No. 257357)
Anne M. Lockner (MN Bar No. 295516)
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN  55402-2015
(612) 349-8500

and

**KEEGAN, LATERZA, LOFGREN & GLEASON L.L.C.**
Thomas B. Keegan (IL Bar No. 6196077)
566 West Adams Street, Suite 750
Chicago, IL  60661
(312) 655-0200

**ATTORNEYS FOR PLAINTIFFS EOLAS TECHNOLOGIES INCORPORATED AND THE REGENTS OF THE UNIVERSITY OF CALIFORNIA**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 8th day of June, 2007, a copy of the foregoing **PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION IN LIMINE TO EXCLUDE EVIDENCE OF ALLEGED INEQUITABLE CONDUCT AND PROSECUTION IRREGULARITIES AT THE JURY TRIAL (NO. 2)** was electronically filed with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

| Name | E-Mail Address |
|---|---|
| H. Michael Hartmann | mhartmann@leydig.com |
| Brett A. Hesterberg | bhesterberg@leydig.com |
| Steven P. Petersen | spetersen@leydig.com |
| Russell E. Cass | rcass@sidley.com |
| Richard A. Cederoth | rcederoth@sidley.com |
| David T. Pritikin | dpritikin@sidley.com |
| Thomas D. Rein | trein@sidley.com |
| Catherine L. Crisham | ccrisham@winston.com |
| George C. Lombardi | glombardi@winston.com |
| Greg J. Miarecki | gmiarecki@winston.com |
| Dan K. Webb | dwebb@winston.com |

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

s/Anne M. Lockner
Anne M. Lockner (MN Bar No. 295516)
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
Telephone: (612) 349-8500
Fax: (612) 339-4181
amlockner@rkmc.com

***ATTORNEYS FOR PLAINTIFFS EOLAS TECHNOLOGIES INCORPORATED and THE REGENTS OF THE UNIVERSITY OF CALIFORNIA***

MP3 20224380.1

2149

## **EXHIBIT LIST**

EXHIBIT A          Jury Trial Transcript pages 149, 151