**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| EOLAS TECHNOLOGIES INCORPORATED, | ) | **Case No. 99 C 0626** |
| | ) | |
| and | ) | **Hon. Rebecca R. Pallmeyer** |
| | ) | |
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, a California educational corporation, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MICROSOFT CORPORATION, | ) | |
| | ) | |
| Defendant. | ) ) | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION IN
LIMINE TO PRECLUDE MICROSOFT FROM INTRODUCING EXPERT
TESTIMONY ON CLAIM CONSTRUCTION (NO. 1)**

## INTRODUCTION

Claim construction in this case has been decided and upheld on appeal. On December 28, 2000, this Court construed three terms that were identified by the parties as the contested terms— "executable application," "type information" and "utilized by said browser to identify and locate." Dkt. No. 137 at 35. Microsoft unsuccessfully appealed the construction of one of these terms, and the jury instruction provided for another. *Eolas Techs. Inc. v. Microsoft Corp.*, 399 F.3d 1325, 1331, 1341 (Fed. Cir. 2005). On appeal, this Court's claim construction was upheld and no error was found in its jury instructions. *Id*. at 1341. The Federal Circuit remanded solely for this Court to consider whether the Viola browser invalidates the '906 patent, and, at its discretion, to reconsider its earlier finding of no inequitable conduct. *Id*. at 1334-1335, 1336.

Microsoft has repeatedly attempted to raise new claim construction arguments, Dkt. Nos. 649, 651, 665, 676, based on a reexamination proceeding from which the patent-in-suit's claims and specification emerged untouched. *See* Dkt. Nos. 687, Ex. M (Reasons for Patentability). But claim construction is not within the scope of the Federal Circuit's mandate for retrial. Dkt. 662 at 11, 15 (Order denying Microsoft's Motion Regarding Claim Construction, April 12, 2007). Thus, any testimony on this point serves no legitimate purpose. Plaintiffs' respectively request that the Court preclude Microsoft from offering expert testimony on claim construction.

## ARGUMENT

A district court has no jurisdiction to reconsider issues presented on appeal that were not remanded. *Engel Indus., Inc. v. Lockformer Co.*, 166 F.3d 1379, 1382 (Fed. Cir.1999); *Wright v. Heizer Corp.*, 503 F. Supp. 802, 808-809 (N.D. Ill. 1980). The Federal Circuit remanded this case for retrial on the narrow issue of invalidity in light of the Viola browser, and allowed that

this Court may reconsider its finding of no inequitable conduct on the part of the '906 inventors. *Eolas Techs. Inc.*, 399 F.3d at 1334-1335, 1336. It in no way intimated that a "do-over" on claim construction was appropriate. And the claims and the specification of the '906 patent subsequently emerged—unaltered—from a reexamination initiated by Microsoft. *See* Dkt Nos. 687, Exs. M (Reasons for Patentability), N (Ex Parte Reexaminatio Certificate).

Yet Microsoft has repeatedly argued that this Court should re-open claim construction in light of that reexamination, including arguing for a construction of a claim term that has never previously been in dispute. Dkt. Nos. 649, 651, 665, 676. And it has designated a witness, Dr. John Kelly, whose supplemental expert report on invalidity contains gratuitous arguments for a different claim construction. (Kelly Supplemental Invalidity Report, May 21, 2007, at ¶¶ 177-179). Dr. Kelly made the very same arguments in support of Microsoft's pending Offer of Proof and Motion to Reconsider Revision of Claim Construction. Dkt. No. 666 at ¶¶ 19-32.

Any testimony by Dr. Kelly related to claim construction is irrelevant to the issues of invalidity and inequitable conduct before this Court, and is therefore inadmissible. FED. R. EVID. 402. Moreover, even assuming that this issue has not already been finally decided, claim construction is a matter of law, *Markman v. Westview Instruments*, 52 F.3d 967, 979 (Fed. Cir. 1995), and is not appropriately argued to a jury. *See Cordis Corp. v. Medtronic Ave., Inc.*, No. 97-550, 2005 WL 283525, at *2 (D. Del. Jan. 27, 2005) (noting that, had Medtronic presented to the jury a broader claim construction than ordered by the court, both the court and Cordis would have objected on the grounds of jury confusion).

Thus, the probative value of any such testimony on claim construction is substantially outweighed by the danger that it would confuse and mislead the jury on the issue of invalidity. FED. R. EVID. 403; *see U.S. v. Hughes*, 970 F.2d 227, 233 (7th Cir. 1992) (upholding exclusion of

evidence when its admission was likely to lead to jurors spending "an inordinate amount of time theorizing," and, without guidance "conjur[ing] up all kinds of things one way or another"). In particular, there is the danger that such testimony would lead to a "trial within a trial" of an issue, *Soller v. Moore*, 84 F.3d 964, 968 (7th Cir. 1996), which in this instance, was definitively decided years ago.

## CONCLUSION

Plaintiffs' respectively request that the Court preclude Microsoft from offering expert testimony on claim construction.


Dated this 8th day of June, 2007.                    Respectfully submitted,


By: s/ Tara Falsani Harkins

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
Martin R. Lueck (MN Bar No. 155548)
Jan M. Conlin (MN Bar No. 192697)
David W. Beehler (MN Bar No. 190792)
Richard M. Martinez (MN Bar No. 225411)
Munir R. Meghjee (MN Bar No. 301437)
Katie Crosby Lehmann (MN Bar No. 257357)
Anne M. Lockner (MN Bar No. 295516)
Tara Falsani Harkins (MN Bar No. 335903)
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN  55402-2015
(612) 349-8500

and

**KEEGAN, LATERZA, LOFGREN & GLEASON L.L.C.**
Thomas B. Keegan (IL Bar No. 6196077)
566 West Adams Street, Suite 750
Chicago, IL 60661
(312) 655-0200

**ATTORNEYS FOR PLAINTIFFS EOLAS TECHNOLOGIES INCORPORATED AND THE REGENTS OF THE UNIVERSITY OF CALIFORNIA**

5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 8th day of June, 2007, a copy of the foregoing **PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION IN LIMINE TO PRECLUDE MICROSOFT FROM INTRODUCING EXPERT TESTIMONY ON CLAIM CONSTRUCTION (NO. 1)** was electronically filed with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

| Name | E-Mail Address |
| --- | --- |
| H. Michael Hartmann | mhartmann@leydig.com |
| Brett A. Hesterberg | bhesterberg@leydig.com |
| Steven P. Petersen | spetersen@leydig.com |
| Russell E. Cass | rcass@sidley.com |
| Richard A. Cederoth | rcederoth@sidley.com |
| David T. Pritikin | dpritikin@sidley.com |
| Thomas D. Rein | trein@sidley.com |
| Catherine L. Crisham | ccrisham@winston.com |
| George C. Lombardi | glombardi@winston.com |
| Greg J. Miarecki | gmiarecki@winston.com |
| Dan K. Webb | dwebb@winston.com |

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

s/Tara Falsani Harkins
Tara Falsani Harkins (MN Bar No. 335903)
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
Telephone: (612) 349-8500
Fax: (612) 339-4181
tfharkins@rkmc.com

***ATTORNEYS FOR PLAINTIFFS EOLAS TECHNOLOGIES INCORPORATED and THE REGENTS OF THE UNIVERSITY OF CALIFORNIA***