**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| EOLAS TECHNOLOGIES INCORPORATED, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, | ) | Case No. 99 C 0626 |
| | ) | |
| | ) | Judge Rebecca R. Pallmeyer |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | Microsoft's Motion *In Limine* #9 |
| MICROSOFT CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF MICROSOFT'S MOTION *IN LIMINE*
TO EXCLUDE EXPERT TESTIMONY THAT (A) INVOLVES LEGAL
OPINION OR ULTIMATE LEGAL ISSUES OR (B) REQUIRES
<u>EXPERTISE THE EXPERT DOES NOT POSSESS</u>**

## INTRODUCTION

Portions of the proposed opinion testimony of Plaintiffs' experts Robert L. Harmon and Edward W. Felten (1) constitute impermissible legal opinion, or (2) require expertise that they do not possess. As a result, this testimony should be excluded from evidence.

## BACKGROUND

Robert L. Harmon is an attorney who has written a book entitled *Patents and the Federal Circuit*. Retained by the Plaintiffs as "an expert legal consultant," he has submitted three expert reports. (*See* Donoghue Decl. Exs. QQ, RR.)

Harmon's first expert report was proffered for the purposes of the *Markman* proceeding in this case (Dkt. No. 137), and concerns issues of claim construction with respect to the '906 patent. Any issues concerning this first report were long ago moot, as Mr. Harmon did not testify at all in the claim construction process.

Microsoft does challenge, however, the admissibility of numerous legal opinions that Harmon offers in his second and third reports. Microsoft also challenges the admissibility of testimony about patent law concepts by Plaintiffs' technical expert, Edward Felten, who is neither a lawyer nor an expert in patent law.

## I.   MR. HARMON'S LEGAL CONCLUSIONS SHOULD BE EXCLUDED

Legal experts in patent infringement cases have never had more than a very limited role. *Amsted Indus. Inc. v. Nat'l Castings Inc.*, 16 U.S.P.Q.2d 1737, 1760-61 (N.D. Ill. 1990). In the post-*Markman* era, any role for a patent law expert is even more tightly circumscribed.

Mr. Harmon's second and third expert reports are replete with what amounts to jury instructions, opinions on ultimate issues of law, and arguments straight from a legal brief. Such testimony should be clearly excluded from evidence, because the law itself is not an

appropriate subject matter for expert testimony, and such testimony does not assist the trier of fact "to determine a fact in issue." Fed. R. Evid. 702; *see also Primavera Familienstifying v. Askin*, 130 F. Supp. 2d 450, 529 (S.D.N.Y. 2001); *GTY Indus. v. Genlyte Group Inc.*, 38 U.S.P.Q.2d 1801, 1810 (C.D. Cal. 1995) (excluding proffered expert testimony "about the standard of review, the standard of patentability, the applicability of the presumption of validity, and the issues of claim scope and construction" because "these matters are questions of law for the Court").

    Mr. Harmon's legal opinions are too numerous to discuss individually in this memorandum. A few representative examples illustrate why much of his proposed testimony is improper.

    In many instances, Mr. Harmon offers what amount to jury instructions disguised as expert testimony. For example, in his third report, Mr. Harmon describes what he believes to be the legal standards concerning presumptions of validity, Section 112 and burdens of proof:

> Thus, included within the presumption of validity is a presumption of novelty, a presumption of nonobviousness, and a presumption of utility. The presumption of validity also includes a presumption that the patent complies with § 112. A party asserting invalidity by reason of failure to comply with § 112 bears no less a burden and no fewer responsibilities than any other patent challenger. It must show § 112 invalidity by clear and convincing proof.

(Donoghue Decl. Ex. RR at 8 (footnotes omitted).)

    This testimony invades the Court's exclusive role in interpreting the law and instructing the jury and is improper. As the court in *Pivot Point International, Inc. v. Charlene Products, Inc.*, 932 F. Supp. 220 (N.D. Ill. 1996), explained, "[t]here is no need for expert testimony on this subject; in a trial there is only one *legal expert*—the judge." *Id.* at 225; *see also Burkhart v. Washington Metro. Area Transit Auth.*, 112 F.3d 1207, 1213 (D.C. Cir. 1997)

2

("Each courtroom comes equipped with a 'legal expert,' called a judge, and it is his or her province alone to instruct the jury on the relevant legal standards."); *Hygh v. Jacobs*, 961 F.2d 359, 364 (2d Cir. 1992) ("Whereas an expert may be uniquely qualified by experience to assist the trier of fact, he is not qualified to compete with the judge in the function of instructing the jury."); *GTY,* 38 U.S.P.Q.2d at 1810 (refusing to permit patent law professor to give testimony pertaining to issues that are questions of law for the Court).

Mr. Harmon also proffers testimony construing applicable law that is, in effect, a legal brief for Plaintiffs. Indeed, the very format of his report illustrates that it is legal argument, not expert testimony. For example, concerning whether the ViolaWWW browser was "material" prior art, Mr. Harmon offers a simple sentence with a full page of legal cites in an accompanying footnote:

> Information that does not qualify as prior art is not material.[27]
>
> [27] E.g., Allied Colloids, Inc. v. Am. Cyanamid Co., 64 F.3d 1570, 35 U.S.P.Q. 2d 1840, 1846 (Fed. Cir. 1995); N. Telecom Inc. v. Datapoint Corp., 908 F.2d 931, 15 U.S.P.Q. 2d 1321, 1328 (Fed. Cir. 1990); Specialty Composites v. Cabot Corp., 845 F.2d 981, 6 U.S.P.Q. 2d 1601, 1607n.9 (Fed. Cir. 1988); Envtl. Des. Ltd. v. Union Oil Co., 713 F.2d 693, 218 U.S.P.Q. 865 (Fed. Cir. 1983). In a very recent decision, GFI Inc. v. Franklin Corp. (Fed. Cir. 9/7/01), a panel of the Federal Circuit, speaking in dictum, and without citation of authority, remarked that "that is not the law." The statement was a dictum because the panel went on to hold that, even if it were the law that evidence of prior invention that does not rise to the level of prior art under § 102(g) cannot be material, the withheld information in the case at bar was material to an underlying question of priority as between two pending patent applications. This is a crucial distinction. In GFI the PTO could not have undertaken a determination of priority as between the rival applicants without specific knowledge of the earlier application. In the present case, Mr. Wei did not file a patent application. This fact is important in another respect. In GFI the earlier application would, if issued as a patent prior to the issuance of the patent in suit, have become prior art under 35 U.S.C. § 102(e); that possibility was foreclosed in the present case

3

> because Mr. Wei did not file an application. Thus, even if the <u>GFI</u> panel could overrule the earlier decisions cited above, which it cannot, see, e.g., <u>Newell Co. v. Kenney Mfg. Co.</u>, 864 F.2d 757, 9 U.S.P.Q. 2d 1417 (Fed. Cir. 1988), and even if the statement in question were not dicta, which it was, <u>GFI</u> does not stand for the proposition that an alleged prior invention that was not the subject of a patent application and that does not qualify as prior art under § 102(g) is nonetheless material.

(Donoghue Decl. Ex. RR at 23.)

Mr. Harmon couches such opinions in terms seemingly deferential to the province of the jury, but the unmistakable purpose of Mr. Harmon's testimony on this point is to offer a supposed expert opinion regarding an ultimate legal conclusion. But experts cannot present "testimony encompassing an ultimate legal conclusion based upon the facts of the case." *United States v. Bilzarian*, 926 F.2d 1285, 1295 (2d Cir. 1991). In *Bilzarian*, for example, the Court of Appeals held that the district court had properly excluded testimony by a former SEC official that related to whether the defendant's "13D disclosures complied with the legal requirements." *Id*. Mr. Harmon's proposed testimony is improper for the same reason—it goes to an ultimate legal conclusion. *See also Sprecht v. Jensen*, 853 F.2d 805 (10th Cir. 1988); *United States v. Jensen*, 608 F.2d 1349, 1356 (10th Cir. 1979).

## II. MR. HARMON SHOULD NOT BE PERMITTED TO OFFER TESTIMONY FOR WHICH HE LACKS THE REQUIRED EXPERTISE.

Mr. Harmon also offers testimony on whether inventor Doyle had the intent to deceive the Patent Office for purposes of inequitable conduct. He concludes that "there is no evidence of knowledge, nor of intent to mislead" on the part of Doyle with respect to his patent application. (Donoghue Decl. Ex. RR at 23.)

Mr. Harmon, however, is not qualified to determine Doyle's intent, and this testimony should therefore be excluded. As Mr. Harmon himself acknowledges, "[i]ntent is a factual determination particularly within the province of the trier of fact." (*Id.* Ex. QQ at 22.)

4

*See also Aloe Coal Co. v. Clark Equip. Co.*, 816 F.2d 110, 114 (3d Cir. 1987) (sales representative familiar with equipment not qualified as expert to testify about the cause of equipment fire); *Wilkinson v. Rosenthal & Co.*, 712 F. Supp. 474, 480 (E.D. Pa. 1989) ("[W]hile Jaffe may be well respected in the field of finance and securities trading, he has no professional stature in the field of commodity futures."); *Higginbotham v. Volkswagenwerk Aktiengesellschaft*, 551 F. Supp. 977, 982-83 (M.D. Pa. 1982) (police officer with "minimal training in preliminary aspects" of accident reconstruction not qualified to testify as expert on movement of body inside vehicle), *aff'd,* 720 F.2d 669 (3d Cir. 1983). Mr. Harmon is a lawyer. He has no special expertise that bears on another's intent, and thus has no business offering any expert "opinion" about whether Doyle deliberately or accidentally deceived the Patent Office. Courts have repeatedly recognized that such intent testimony by an expert is improper because the expert is no more able to ascertain a party's state of mind than a layperson. *See, e.g.*, *Steadfast Ins. Co. v. Auto Mktg. Network, Inc.*, No. 97 C 5696, 2004 WL 783356, at *6 (N.D. Ill. Jan 28, 2004); *DePaepe v. General Motors Corp.*, 141 F.3d 715, 720 (7th Cir. 1998); *Lippe v. Bairnco Corp.*, 288 B.R. 678, 687 (S.D.N.Y. 2003).

In the context of assessing invalidity, Mr. Harmon similarly asserts that he is aware of no evidence that would have motivated one of skill in the art to combine features from the prior art. But Mr. Harmon has disclaimed any expertise as one of skill in the art. (Donoghue Decl. Ex. SS at 49.) Thus, he has no basis for offering an opinion on whether there was or was not a teaching sufficient to motivate one of skill in the art to combine references. Similarly, he has no basis to offer opinion testimony on other issues that also require technical expertise, such as the date of invention of the '906 patent (*id.* Ex. RR at 11-12), and whether the Viola browser is prior art (*id.* at 19).

5

### III. THE COURT SHOULD PRECLUDE PLAINTIFFS' TECHNICAL EXPERT FROM INTERPRETING THE LAW FOR THE JURY.

After the Court granted Microsoft's motion in the first trial to exclude Mr. Harmon from testifying about the law (Dkt. No. 431 at 18-19), Plaintiffs performed an end run around the Court's decision, and elicited testimony about the law from their technical expert, Edward Felten.  Felten testified that he taught at the Stanford Law School (Donoghue Decl. Ex. A at 879), and then proceeded to testify in detail about the legal standards that the jury should apply to the case.  For example, Felten "explained" the following legal concepts to the jury:

- the legal definition of "reduction to practice" in patent law (*id.* at 956);

- the legal meaning of a patent claim (*id.* at 956-57);

- the legal meaning of the term "comprising" in a patent claim (*id.* at 957-58, 965-66);

- the legal meaning of "infringement" (*id.* at 958, 964-65, 967);

- the legal meaning of "direct infringement" (*id.* at 979-80);

- the legal meaning of "induced infringement" (*id.* at 980);

- the differences between product claims and method claims (*id.* at 958-59);

- the legal meaning of the term "prior art"  (*id.* at 961);

- the legal meaning of anticipation in patent law  (*id.* at 962-63);

- the legal meaning of obviousness in patent law  (*id.* at 963); and

- the extent to which a patent can be granted on a combination of old elements  (*id.* at 963-64).

Felten even prepared a demonstrative which he referred to in detail to assist "in explaining how a patent claim works for the ladies and gentlemen of the jury." (*Id.* at 960.)

Felten's supplemental expert report (June 4, 2007) is replete with similar explanations of various legal statements and burdens of proof.  (*See, e.g.*, Donoghue Decl. Ex.

6

TT ¶¶ 45-48 (purporting to describe legal standard for anticipation; ¶¶ 49-56 (purporting to describe legal standard for obviousness); ¶ 229 (secondary consideration of nonobviousness) (Felten Supp. Expert Report).) This testimony, like that in Mr. Harmon's expert report, improperly intrudes upon the Court's exclusive role in interpreting the law and instructing the jury. Moreover, Felten is *not a lawyer*, and lacks the expertise to instruct the jury on issues of patent law, even if expert testimony were permissible on that subject. The Court should preclude Plaintiffs from providing what are, in essence, jury instructions from a technical expert during the trial.

## **CONCLUSION**

For the foregoing reasons, the Court should exclude the portions of the proposed testimony of Plaintiffs' experts Harmon and Felten that (1) constitute impermissible legal opinion, or (2) require expertise that they do not possess.

Dated: June 8, 2007.

Respectfully submitted,

/s/ David T. Pritikin
David T. Pritikin, I.D. No. 2256339
Richard A. Cederoth, I.D. No. 6185199
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
(312) 853-7000

Dan K. Webb, I.D. No. 02954087
George C. Lombardi, I.D. No. 6187715
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601-9703
(312) 558-5600

Of Counsel:

T. Andrew Culbert
MICROSOFT CORPORATION

H. Michael Hartmann, I.D. No. 1146130
Brett A. Hesterberg, I.D. No. 6187619
Steven P. Petersen, I.D. No. 6196793
LEYDIG, VOIT & MAYER, LTD.

7


| | |
|---|---|
| One Microsoft Way<br>Redmond, WA 98052<br>(425) 882-8080 | Two Prudential Plaza, Suite 4900<br>Chicago, IL 60601-6780<br>(312) 615-5600<br><br>Attorneys for Defendant<br>MICROSOFT CORPORATION |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Memorandum in Support of Microsoft's Motion *In Limine* To Exclude Expert Testimony That (A) Involves Legal Opinion Or Ultimate Legal Issues Or (B) Requires Expertise The Expert Does Not Possess was served upon both Plaintiffs by the Court's Electronic Case Filing ("ECF") system on June 8, 2007.

s/David T. Pritikin

CH1 3893502v.2