**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| EOLAS TECHNOLOGIES INCORPORATED ) <br> ) <br> and ) <br> ) <br> THE REGENTS OF THE UNIVERSITY OF ) <br> CALIFORNIA, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> MICROSOFT CORPORATION, ) <br> ) <br> Defendant. ) <br> ) | Case No. 99 C 0626 <br><br> Judge Rebecca R. Pallmeyer <br><br><br><br><br> Reply in Support of Microsoft's <br> Motion *in Limine* #2 |

**REPLY IN SUPPORT OF MICROSOFT'S MOTION *IN LIMINE* TO PRECLUDE
PLAINTIFFS FROM ARGUING THAT THE PRIOR ART LACKS ELEMENTS NOT
FOUND IN THE CLAIMS OF THE '906 PATENT**

**INTRODUCTION**

In their opposition (Dkt. No. 752), Plaintiffs attempt to sow confusion about the claim language, as they previously attempted to do in the first trial and apparently intend to do at the upcoming trial. Through sleight-of-hand, Plaintiffs seek to convince the jury (and the Court) that the claims require a limitation that is nowhere present—that the browser be capable of retrieving interactive objects over the Internet from a remote computer. In fact, the claims require only that the browser be capable of retrieving a hypermedia document over a distributed hypermedia network, a requirement that is clearly met by the Viola browser. Plaintiffs attempt to conflate the two, but the claim language requires only the latter, not the former.

Plaintiffs also seek to reopen the Court's prior claim construction of the term "type information" in order to narrow it to exclude a file path, which is used by the Viola browser to identify and locate an executable application. But there is nothing in the previous claim construction of "type information" that would exclude a file path. Nor is there any support for Plaintiffs' view that a file path, which is used to identify and locate an executable application, is not "type information." Plaintiffs should not be permitted to twist the meaning of this claim term in order to attempt to preserve the validity of their patent.

The risk here is not, as Plaintiffs maintain, "that the jury will reject" Microsoft's arguments. (Dkt. No. 752 at 10.) Rather, the risk is that the jury will be sufficiently confused about the limitations of the '906 patent claims that it will find those claims valid based on limitations they do not possess. That would be fundamental error, requiring correction by this Court or the Court of Appeals, or another retrial of this case. The Court should not invite such error, and should require Plaintiffs to confine their arguments to limitations that are actually present in the '906 patent claims.

**ARGUMENT**

I.  **THE CLAIMS DO NOT REQUIRE THAT THE BROWSER BE CAPABLE OF RETRIEVING THE "OBJECT" OVER A "DISTRIBUTED HYPERMEDIA NETWORK."**

Plaintiffs try to generate confusion by arguing that the Viola browser was not capable of providing "the allegedly invalidating functionality" (or "allegedly invalidity [sic] feature") on the Web, without specifying what this "allegedly invalidating functionality" is. (*See, e.g.*, Dkt. No. 752 at 1, 2.) Only later does it become clear that the "allegedly invalidating functionality" to which Plaintiffs refer is the capability "to retrieve data objects over a distributed hypermedia environment." (*Id.* at 6; *see id.* at 4 (referring to "[t]he Viola browser's inability to handle a remote data object"; *id.* at 5 (stating that Wei did not use his invention "to retrieve data objects from the Web"; *id.* at 6 (stating that the Viola browser "is limited to interacting with embedded objects that already existed on [the user's] computer").)

The '906 patent claims, however, do not require that the browser retrieve "data objects" over a distributed hypermedia environment. The claims only require two things with respect to the "distributed hypermedia environment." First, they require that the program (*i.e.*, the Viola browser) be "for use in" a distributed hypermedia environment. ('906 Patent, col. 17, lns. 58-61.) Second, they require that the browser be capable of retrieving "a first hypermedia document" (*e.g.*, a Web page) "over said network." (*Id.*, col. 18, lns. 6-10.) Plaintiffs, however, cannot argue that the Viola browser lacks these capabilities. The Viola browser is a Web browser, and therefore is "for use in" a "distributed hypermedia environment"—*e.g.*, the Web. As a Web browser, it is also capable of retrieving a "first hypermedia document" (*e.g.*, an HMML document or Web page) over a distributed hypermedia network (*e.g.*, the Internet). The claims do not require anything more with respect to the browser's use over a "distributed hypermedia environment."

2

Plaintiffs do not and cannot point to any language in the claims that requires the browser to retrieve data objects over a distributed hypermedia network environment. The claim language requiring that the browser be capable of retrieving a "hypermedia document" over the network clearly do not require this, because the "object" is described as being "external to the first distributed hypermedia document." ('906 Patent, col. 18, lns. 17-18.) Instead, Plaintiffs point to language in the *specification* which appears nowhere in the claims. For example, Plaintiffs point to Column 5 of the specification which states that "data objects that are imbedded [sic] within a document may be located on many of the computer systems connected to the Internet," and that the Internet allows users to "retrieve different data objects located in remote geographic locations on the Internet." (Dkt. No. 752 at 5; *see id.* at 2 (pointing to col. 1, lns. 19-22 of the specification).) The invention, however, is defined by the claims, not the specification. *See Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) (*en banc*) ("It is a 'bedrock principle' of patent law that 'the claims of a patent define the invention to which the patentee is entitled the right to exclude.'"). Plaintiffs do not and cannot point to anything in the *claims* that requires that the claimed "object" be located on a remote computer, or that it be retrieved over the distributed hypermedia network.

Plaintiffs also state, without support, that "interacting with data on one's own computer is not novel or useful." (Dkt. No. 752 at 6-7.) But that is exactly what the claims of their '906 patent cover. Plaintiffs cannot now attempt to rewrite their claims in order to save them from being declared invalid over the prior art.

II. **THE CLAIMS DO <u>NOT</u> REQUIRE THAT VIOLA WEB PAGES BE "SUITABLE TO BE SHARED WIDELY ACROSS THE INTERNET" OR "SUITED FOR DELIVERING APPLICATIONS ACROSS THE INTERNET."**

Plaintiffs do not dispute in their opposition that the claim language does not require that hypermedia documents used by the browser must be "suitable to be shared widely

3

across the Internet," as they argued in the first trial.[1] (Dkt. No. 741, Donoghue Decl. Ex. A at 1053.) Nor do they dispute that the claim language does not require that the browser must be "suited for delivering applications across the Internet right to the desktop of the user." (*Id.* at 184). Indeed, Plaintiffs' opposition does not even attempt to tie these arguments to any language in the claims, because it cannot be done. As explained above, all the claims require with respect to the "distributed hypermedia network" is that the browser be capable of use in such a network to retrieve hypermedia documents (*e.g.*, Web pages). Plaintiffs should not be allowed to argue such unclaimed features in order to create confusion as to the scope of the claims and prejudice Microsoft.

### III. THE COURT SHOULD REJECT PLAINTIFFS' ATTEMPT TO REDEFINE THE TERM "TYPE INFORMATION" TO EXCLUDE A FILE PATH.

Plaintiffs also seek to distinguish the Viola browser by now improperly narrowing the construction of "type information," a term that was the subject of the Court's previous *Markman* decision (Dkt. No. 137). First, Plaintiffs attempt to narrow the term "type information" by reading into it the separate requirement that the type information be used "by the browser." (Dkt. No. 752 at 3-4.) But the "by the browser" language is a separate claim limitation. Reading the "by the browser" limitation into the "type information" limitation would render the "by the browser" language superfluous, which is improper. *See Primos, Inc. v. Hunter's Specialties, Inc.*, 451 F.3d 841, 847-48 (Fed. Cir. 2006) ("engaging" cannot be interpreted to require "sealing" because "sealing" appears separately in the claim and thus "one of the terms would be superfluous"); *Phillips*, 415 F.3d at 1314 (claim term "steel baffles"

---

[1] Aside from being irrelevant, Plaintiffs' argument that the use of a file path to locate an executable application is not "suitable" for use on a distributed hypermedia network is also incorrect. All this would require is that everyone who wishes to use this particular "executable application" have it installed in the same file path location on their computer. As Microsoft pointed out in its opening brief, this is common for many applications, such as Microsoft Word.

4

"strongly implies that the term 'baffles' does not inherently mean objects made of steel"). Plaintiffs are free to argue that the "type information" is not used by the Viola browser,[2] but whether it is used by the browser does not impact the definition of "type information."

Plaintiffs also make the illogical argument that "the file path does not 'identify and locate' the executable application." (Dkt. No. 752 at 4.) A file path, however, does just that—it provides the name (identity) of the application and its location on either the user's local computer or on a remote computer connected over a network. Plaintiffs' argument appears to be that the file path provides *too much* information about the identity and location of the executable application by telling the browser "which application should be used (identifying it) and where it was found (locating it)," thus making it too easy for the browser to identify and locate the application. (*Id.*) But as the Court previously held in its *Markman* opinion, "nothing in the claim language says there has to be a challenge for the browser" in using type information to identify and locate the executable application. (Dkt. No. 137 at 26.) "[I]f the author of the hypermedia document being parsed wants to make it easy for the browser," the Court explained, then "so be it."[3] (*Id.*)

Finally, Plaintiffs attempt to read into the term "type information" the requirement that it allow the browser to locate the executable application "[i]f the executable application was moved from the file indicated in the file path." (Dkt. No. 752 at 4.) There is nothing in either the claim language or the Court's *Markman* construction of the term "type information" that

---

[2] As Plaintiffs no doubt appreciate, arguing that type information is not used by the Viola browser will be difficult in light of the Court's broad construction of the "by the browser" term. For example, the Court's construction explained that the "inventors contemplated the browser's use of some outside resources" in identifying and locating the application. (Dkt. No. 474, Jury Instructions at 22.)

[3] Plaintiffs have fought vigorously against any reconsideration of claim construction based on the Examiner's statements in the reexamination, but now openly advocate a new claim construction of "type information" for no reason at all.

5

would impose such a requirement. Nothing in the claims requires that the browser be able to find the executable application if it has been moved or hidden. The claims merely state that the "type information" is used to "identify and locate" the executable application. The Court should reject Plaintiffs' attempt to impart yet a further limitation to their claims in their attempt to avoid the prior art.

### IV. PLAINTIFFS' ARGUMENT THAT UNCLAIMED ELEMENTS ARE RELEVANT TO CONCEPTION, REDUCTION TO PRACTICE, ENABLEMENT, OR PUBLIC USE IS ERRONEOUS.

Plaintiffs also attempt to bootstrap their reliance on unclaimed elements by arguing that those elements are somehow relevant to the issues of conception, reduction to practice, enablement, and public use. Plaintiffs are wrong.

First, Plaintiffs argue that unclaimed features such as the browser's ability "to handle a remote data object" are relevant to conception and reduction to practice. But the relevant inquiry for conception and reduction to practice is whether the inventor conceived and reduced to practice the ***claimed invention***. *See Singh v. Brake*, 317 F.3d 1334, 1340 (Fed. Cir. 2003) (conception "must encompass all limitations of the claimed invention"); *Slip Track Sys., Inc. v. Metal-Lite, Inc.*, 304 F.3d 1256, 1265 (Fed. Cir. 2002) (reduction to practice requires an embodiment or process "that met all the limitations of the claim"). Whether a prior inventor conceived or reduced to practice elements or features ***not*** present in the claims is irrelevant.

Next, Plaintiffs argue that the Viola browser was not "enabled" because Wei did not use "the so-called invalidating feature over the Web" (*i.e.*, retrieving the "object" from a remote computer). (Dkt. No. 752 at 7.) Even if this were true, it would be irrelevant because this feature is not claimed. Prior art need not enable ***unclaimed*** features in order to invalidate a claim. *Impax Labs., Inc. v. Aventis Pharm. Inc.*, 468 F.3d 1366, 1383 (Fed. Cir. 2006) (discussing the enablement standard for prior art and holding that "the proper issue is whether the

6

[prior art] is enabling in the sense that it describes the *claimed* invention sufficiently to enable a person of ordinary skill in the art to carry out the invention") (emphasis added). All that is needed is that the prior art teach or make obvious all the limitations of the claim. *Eolas Techs. Inc. v. Microsoft Corp.*, 399 F.3d 1325, 1335 (Fed. Cir. 2005) (holding that "[t]o anticipate, a single reference must teach each and every limitation of the *claimed* invention") (emphasis added).

Finally, Plaintiffs' "public use" argument (Dkt. No. 752 at 8-9) fails for the same reason—there is no requirement that a public use include unclaimed features in order to invalidate. *Eli Lilly & Co. v. Zenith Goldline Pharm., Inc.*, 471 F.3d 1369, 1380 (Fed. Cir. 2006) ("Public use includes any public use of the *claimed invention* by a person other than the inventor who is under no limitation, restriction or obligation of secrecy to the inventor") (internal quotations omitted) (emphasis added). Contrary to Plaintiffs' assertion, *Motionless Keyboard Co. v. Microsoft Corp.*, No. 2005-1497, 2007 WL 1531401 (Fed. Cir. May 29, 2007), provides no support for their position. In *Motionless Keyboard*, the Court held that the use of a keyboard by a typing tester was not a prior public use because the tester signed a Non-Disclosure Agreement, and therefore the device "was never in ***public*** use." *Id.* at *6 (emphasis added). Other than that, the only disclosure of the keyboard "visually displayed the keyboard design without putting it into use" at all. *Id.* Here, by contrast, the Viola browser containing the claimed features was demonstrated, without any non-disclosure agreement or other confidentiality provisions. Public use does not require that the prior inventor also demonstrate unclaimed features such as, in this case, the ability to retrieve remote objects over the Internet.

7

## **CONCLUSION**

For the foregoing reasons, the Court should grant Microsoft's Motion in Limine and preclude Plaintiffs from attempting, through argument or testimony, to add limitations to the '906 patent claims in order to distinguish the prior art.

Dated: June 22, 2007.

Respectfully submitted,

   /s/ David T. Pritikin           .
David T. Pritikin, I.D. No. 2256339
Richard A. Cederoth, I.D. No. 6185199
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
(312) 853-7000

Dan K. Webb, I.D. No. 02954087
George C. Lombardi, I.D. No. 6187715
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601-9703
(312) 558-5600

Of Counsel:

T. Andrew Culbert
MICROSOFT CORPORATION
One Microsoft Way
Redmond, WA 98052
(425) 882-8080

H. Michael Hartmann, I.D. No. 1146130
Brett A. Hesterberg, I.D. No. 6187619
Steven P. Petersen, I.D. No. 6196793
LEYDIG, VOIT & MAYER, LTD.
Two Prudential Plaza, Suite 4900
Chicago, IL 60601-6780
(312) 615-5600

Attorneys for Defendant
MICROSOFT CORPORATION

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Reply in Support of Microsoft's Motion *in Limine* to Preclude Plaintiffs from Arguing that the Prior Art Lacks Elements Not Found in the Claims of the '906 Patent was served upon both Plaintiffs by the Court's Electronic Case Filing ("ECF") system on June 22, 2007.

    /s/ David T. Pritikin